7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie COOPER, Plaintiff-Appellant,
v.
Pete VIDOR, Warden, et al., Defendants-Appellees.
 No. 93-1239.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1993.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Ronnie Cooper, a pro se Michigan prisoner, appeals from a judgment of the district court dismissing his suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and declaratory and injunctive relief, Cooper sued numerous Michigan Department of Corrections officials alleging that excessive force was used, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment, when he was physically restrained and strip searched. Cooper alleges that he was punched, kicked, and dragged from his cell and that his penis was pulled. Cooper also alleges that his Eighth Amendment rights were violated when he was given inadequate medical attention after the restraint and strip search and when he was denied access to water, sheets, toothpaste, soap, and "blues clothes." In an amended complaint, Cooper specified that he was suing the defendants in their individual and official capacities.
 
 
 4
 The defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b) and also moved for summary judgment pursuant to Fed.R.Civ.P. 56(b). The defendants supported their motion for summary judgment with numerous affidavits and numerous documents. The defendants contend that Cooper was forcibly restrained and strip searched after he refused to come out of his cell so that a search for contraband could be conducted. They contend that no excessive force was used, that the only injury that Cooper suffered was a slight abrasion to his right wrist, and that Cooper's penis was not pulled. According to the defendants, adequate medical attention was given to Cooper's injury. Finally, the defendants contend that Cooper was placed on a water restriction after he repeatedly flushed his toilet, thus causing a flood in the cell-block, that Cooper was placed on a mattress restriction after the staff discovered that Cooper had torn his mattress in several areas, that Cooper was placed on a toothpaste restriction after he threw a tube of toothpaste at defendant Granholm, and that Cooper was placed on a paper restriction after he threw a large wad of wet toilet paper through his door slot at Granholm. Pursuant to Rule 12(b), the defendants argued that Cooper's complaint should be dismissed because in his initial complaint he had failed to indicate the capacity in which the defendants were sued, and, therefore, his request for damages was barred by the Eleventh Amendment. Cooper's response to the defendants' motions contained the same allegations made in his complaint.
 
 
 5
 The district court granted both the defendants' motion to dismiss and their motion for summary judgment. On appeal, Cooper complains that the court did not allow him to file objections to the magistrate judge's report and recommendation, that summary judgment was inappropriately granted to the defendants, that the physical and sexual assault violated the Eighth Amendment, and that his claims are not barred by Eleventh Amendment immunity. Because we determine that summary judgment was appropriately granted, we do not address the motion to dismiss.
 
 
 6
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Pursuant to Fed.R.Civ.P. 56(c), summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
 
 
 7
 The Eighth Amendment proscribes the unnecessary and wanton infliction of pain. Ingraham v. Wright, 430 U.S. 651, 670 (1977). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). The defendants contend that a search of Cooper's cell and his body was necessary in order to determine whether Cooper was in possession of a steel link from a set of bellychains used to restrain Cooper the previous day. Force was necessary, according to the defendants, because Cooper refused to come out of his cell and refused to be strip searched. According to the defendants, the only injury suffered by Cooper was a slight abrasion to his right wrist. These contentions were appropriately supported with affidavits and also supported by numerous documents. Cooper's bald allegations in his response failed to create a genuine issue of material fact on this issue, and, therefore, summary judgment was appropriately granted.
 
 
 8
 Upon consideration, we also conclude that Cooper's medical treatment and conditions of confinement issues lack merit. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Finally, because no magistrate judge was directed to issue a report and recommendation and because Cooper was permitted to and did respond to the defendants' motions, Cooper's allegation that he was not allowed to file "objections" is meritless.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation